3/4/20
B. Shah-Martinez
11:24
0198
T.P

Attorney(s): William S. Ruggierio, Esq.
Attorney Id No.: 002391976
Law Firm: Garofalo O'Neill Ruggierio, LLC
Address: 60 Baldwin Road
Parsippany, NJ 07054

Telephone No.: (973) 335-3131
Fax No.: (973)335-7588
E-mail: wsruggierio@garofalopa.com
Attorney(s) for Plaintiff(s): Mark Charnet and Teresa Charnet

| | |
|---|---|
| MARK CHARNET AND TERESA CHARNET,<br><br>Plaintiff(s)<br><br>vs.<br><br>MARRIOTT OWNERSHIP RESORTS INC.<br>d/b/a MARRIOTT VACATION CLUB INTERNATIONAL,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MORRIS COUNTY<br><br>DOCKET NO.: MRS-L-517-20<br><br>CIVIL ACTION<br><br>**Summons** |

**FROM THE STATE OF NEW JERSEY**

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is provided and available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10792
Rev. 11/14  P2/15



Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: March 2, 2020

s/ Michelle M. Smith

Clerk of the Superior Court

Name of Defendant to be Served: MARRIOTT OWNERSHIP RESORTS INC.
d/b/a MARRIOTT VACATION CLUB INTERNATIONAL,

Address of Defendant to be Served: 6649 Westwood Boulevard
Orlando, Florida 32821

S1 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10792
Rev. 11/14   P2/15

Powered by
HOTDOCS

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice, First Floor
101 South Fifth Street, Suite 150
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
9 North Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street, P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake, First Floor, Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Department
Brennan Court House, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Middlesex Vicinage
Second Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY**
Morris County Courthouse
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0340

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
First Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

*Updated: 8/31/15*

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10158
Rev. 8/13    P2/15


Powered by HOTDOCS

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510    Page 3

William S. Ruggierio, Esq.
ID#002391976
Garofalo O'Neill Ruggierio, LLC
60 Baldwin Road
Parsippany, New Jersey 07054
(973) 335-3131
Attorneys for Plaintiffs Mark Charnet and Teresa Charnet

| | |
|---|---|
| MARK CHARNET AND TERESA CHARNET,<br><br>Plaintiffs,<br><br>vs.<br><br>MARRIOTT OWNERSHIP RESORTS INC. d/b/a/ MARRIOTT VACATION CLUB INTERNATIONAL,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT FOR MONEY DAMAGES DUE TO CONSUMER FRAUD**<br>(Demand for Trial By Jury) |

MARK CHARNET AND TERESA CHARNET, residing at 3 Sunny Knolls Court, Wayne, New Jersey, 07470, by way of Complaint, says:

### PARTIES

1. Mark Charnet and Teresa Charnet are individuals who at all times relevant to this Complaint are the purchasers of multiple time share interests from the Defendants.

2. Marriott Ownership Resorts Inc. is a corporation who for all times relevant to this Complaint engaged in the business of time share selling.

3. Marriott Vacation Club International is a trade name utilized by Marriott Ownership Resorts Inc. in connection with selling of timeshares.

### BACKGROUND AND GENERAL ALLEGATIONS

4. Beginning November 2010 Defendant, Marriott Vacation Club, began soliciting Plaintiffs, Mark Charnet and Teresa Charnet, with the intentions of having Plaintiffs purchase time share interests from the company.

5. Defendant went on to solicit Plaintiffs in an effort to have Plaintiff purchase the aforementioned timeshare interests.

6. Defendant solicited Plaintiffs via telephone and several times in person, on every vacation, Plaintiffs stayed at Defendant's resorts.

7. Over the time period of 2012-2019, the Plaintiffs, Mark Charnet and Teresa Charnet, entered into a contract with Marriott Ownership Resorts trading as Marriott Vacation Club International for the purchase of points equating to an ownership interest in a timeshare.

8. Plaintiffs purchased, in total, 82 interests in the MVC Trust from Defendant, equating to 18,000 points.

9. At the time of the purchase, each point sold by Defendant was valued at $10.00 making the total purchase amount for the 82 interests $180,000.00. Today, these same points are currently being sold for over $14.00 per point, giving the interests a value of over $252,000.00.

10. After several years of holding these interests Plaintiffs then exercised their right to sell the interests to a third party.

11. Plaintiffs came to an agreement with the third party for the purchase of Plaintiff's points and deeds, in addition to paying the cost of any closing fees. After attempting to complete the sale, Defendant informed the third party that in order to complete the deal an additional unit charge, described as a "deed transfer fee", would range anywhere from, $35,000.00-55,00.00, based on the interests.

12. When Plaintiffs and Defendant entered into a contract, Defendant made no mention of any charges associated with the sale or transfer of title to another individual.

13. In fact, Defendant made misrepresentations to Plaintiffs that the time share interests were fully saleable.

14. Defendant typically offers to buy back shares at $2-3 per point at most, a value far below Plaintiffs purchase price, and Defendant's current sale price.

15. On November 26, 2019, Plaintiffs' counsel sent a letter to the Defendant in an attempt to resolve the dispute concerning the sale of the timeshare interest.

16. On December 6, 2019, Defendant replied to Plaintiffs' counsel acknowledging the correspondence and stating that the company was in the process of further review and investigation. Upon the completion of their review and investigation they would respond accordingly.

17. After receiving no follow up response from Defendant, on January 20, 2020, a second letter was sent to Defendant demanding a resolution to the issues aforementioned. Plaintiffs' counsel advised Defendant that if this matter was not addressed in a meaningful matter by February 6, 2020 Plaintiffs would take the necessary actions to address the matters at issue.

2

18. Defendant to this point has failed to respond. This suit followed.

## COUNT ONE
## CONSUMER FRAUD

19. The Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1-18 hereinabove without restating the same in full.

20. The Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-2 prohibits:

    The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby...

21. Defendant engaged in a high-pressure sales pitch designed to induce the Plaintiffs to make a significant financial decision with inaccurate information and misrepresentations.

22. When soliciting the Plaintiffs, Defendant engaged in unconscionable commercial practices amounting to actions lacking good faith, honesty in fact, and observance of fair dealing.

23. Defendant failed to adequately disclose material facts to Plaintiffs in connection with the timeshare purchases.

24. When soliciting Plaintiffs to purchase timeshare interests, Defendant's conduct was a violation of the CFA, when they knowingly omitted a material fact by failing to inform Plaintiffs that Plaintiffs could not sell without being subject to a transfer fee. In fact, Defendant misrepresented the fact that Plaintiffs' timeshare interests would be fully alienable.

25. At the time of entering into a contract of sale, Defendant made no representations concerning fees associated with the resale and/or transfer of points and deeds obtained from the Defendant.

26. Plaintiffs' ability to transfer and/or sell rights freely, without restraint, was a material decision which Plaintiffs relied upon when purchasing timeshare interests from the Defendant.

27. The Plaintiffs relied upon the express and implied representations of the Defendant that Defendant would allow Plaintiffs to freely sell and/or transfer their rights in the interest.

3

28. Defendant knew, or should have known, that they were omitting and failing to make certain required disclosures and were making material misrepresentations. The omissions described herein were material in nature, and were made to induce the Plaintiffs to enter a contract and purchase a time-share interest. Plaintiffs were entitled to rely upon the representations, since the representations concerned complex matters. Plaintiffs' reliance was reasonable under the circumstances.

29. Defendants' omissions were intentionally made for the purpose of inducing the Plaintiffs to enter a contract, close the sale, and remain in the contract without knowing about a transfer associated with the sale of the interests. In the alternative, if the Defendant's omissions were not intentional, they were grossly negligent, as the Defendant knew or should have known the truth regarding Marriott, its policies, and its procedures.

30. The unconscionable commercial practices of the Defendant and its false promises and misrepresentations concerning Defendant's solicitation of Plaintiffs into purchasing these timeshare interest, and subsequently alienating Plaintiffs' right to sell their interests, has caused the Plaintiffs needless expenditures of time, and ascertainable losses in effectuating any sale of the interests to the Defendant and/or any other party.

WHEREFORE the Plaintiffs demand Judgment against the Defendant as follows:

A. For a determination that the Defendant violated the New Jersey Consumer Fraud Act.

B. For money damages including the ascertainable losses already incurred by the Plaintiffs.

C. For treble damages.

D. For punitive damages.

E. For attorneys' fees and costs.

F. For such other relief as the Court deems just.

*Garofalo O'Neill Ruggierio, LLC*
Attorneys for Plaintiffs Mark Charnet and Teresa Charnet

Dated: 2/28/2020

By: _____
William S. Ruggierio, Esq.

4

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, William S. Ruggierio Esq. is hereby designated as trial counsel for Plaintiffs, MARK CHARNET AND TERESA CHARNET.

Dated: 2/28/2020

Garofalo O'Neill Ruggierio, LLC
Attorneys for Plaintiffs Mark Charnet and Teresa Charnet

By: _____
William S. Ruggierio, Esq.

## RULE 4:5-1 CERTIFICATION

The undersigned hereby certifies that the subject matter of this litigation is not the subject of any other action pending in any other Court nor is it the subject of any pending or contemplated arbitration proceeding.

Dated: 2/28/2020

Garofalo O'Neill Ruggierio, LLC
Attorneys for Plaintiff Mark Charnet and Teresa Charnet

By: _____
William S. Ruggierio, Esq.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all matters, counts and issues so triable.

Dated: 2/28/2020

Garofalo O'Neill Ruggierio, LLC
Attorneys for Plaintiffs Mark Charnet and Teresa Charnet

By: _____
William S. Ruggierio, Esq.

## RULE 1:38 CERTIFICATION

I certify that confidential personal identifiers, if any, have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with the Rules of Court.

*Garofalo O'Neill Ruggierio, LLC*
Attorneys for Plaintiffs Mark Charnet and Teresa Charnet

Dated: 2/28/2020

By: _____
William S. Ruggierio, Esq.

6

MRS-L-000517-20   02/28/2020 4:05:18 PM   Pg 1 of 1   Trans ID: LCV2020424637

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-000517-20**

Case Caption: CHARNET MARK VS MARRIOTT OWNERSHIP RESORTS IN
Case Initiation Date: 02/28/2020
Attorney Name: JOSEPH ANTHONY O'NEILL
Firm Name: GAROFALO O'NEILL RUGGIERIO, LLC
Address: 60 BALDWIN ROAD
PARSIPPANY NJ 07054
Phone: 9733353131
Name of Party: PLAINTIFF : Charnet, Mark
Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: CONTRACT/COMMERCIAL TRANSACTION
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO
Are sexual abuse claims alleged? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? YES
   If yes, please identify the requested accommodation:
   ASSISTIVE LISTENING DEVICE (ALD).

Will an interpreter be needed? NO
   If yes, for what language:

Please check off each applicable category: Putative Class Action? NO   Title 59? NO   Consumer Fraud? YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/28/2020
Dated

/s/ JOSEPH ANTHONY O'NEILL
Signed

MRS L 000517-20  02/29/2020 5:26:09 AM  Pg 1 of 1  Trans ID: LCV2020428124

MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN          NJ 07960
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (862) 397-5700
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    FEBRUARY 28, 2020
                    RE:      CHARNET MARK  VS MARRIOTT OWNERSHIP RESORTS IN
                    DOCKET:  MRS L -000517 20

   THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

   DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

   THE PRETRIAL JUDGE ASSIGNED IS:  HON NOAH FRANZBLAU

   IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT: (862) 397-5700 EXT 5351.

   IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
   PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                                   ATT: JOSEPH A. O'NEILL
                                   GAROFALO O'NEILL RUGGIERIO, LL
                                   60 BALDWIN ROAD
                                   PARSIPPANY          NJ 07054

ECOURTS